UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

DERECK MALLOYED GALLOWAY,

    Debtor

                                  /

B.O.C LAW GROUP, P.C., d/b/a LAW FIRM OF ORLOW AND CARDASIS,

    Appellant,

v.

KRISPEN S. CARROLL,

    Appellee.

                                  /

Bankruptcy Case No. 10-49179

Case No. 11-cv-10380

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER VACATING BANKRUPTCY COURT'S ORDER DENYING FEE APPLICATION AND REMANDING FOR RECONSIDERATION**

B.O.C. Law Group, doing business as the law firm of Orlow and Cardasis, ("B.O.C.") appeals the Bankruptcy Court's order denying its fee application requesting $6,972.38 in fees and $175.22 in costs related to the Chapter 13 Bankruptcy of Debtor Dereck Galloway. The Bankruptcy Court denied the application after finding that the written fee agreement between B.O.C. and Galloway was not executed within "5 business days after the first date" on which B.O.C. rendered "bankruptcy assistance services" to Galloway, as required by 11 U.S.C. § 528(a)(1), and that it was therefore void as a matter of law pursuant to 11 U.S.C. § 526(c)(1). For the following reasons, the Court will vacate the order denying the fee application and remand for reconsideration consistent with this

opinion.

## BACKGROUND

Galloway first met with B.O.C. on January 26, 2010 for an initial consultation. During the meeting, attorney William R. Orlow reviewed Galloway's financial circumstances, advised him of his bankruptcy and non-bankruptcy options, and provided him with a written estimate of attorney's fees for a Chapter 7 filing. Appellant Br. 1. The billing entry for the initial consultation states:

> Initial office conference with client. Review of debts, interview sheet, initial work on Schedules and estimated Plan payments. Client will obtain all information to complete necessary forms for filing of Petition. Will file remainder of Schedules once all information is collected and reviewed. Reviewed bankruptcy time frame and court proceeding required.

Appellant Designation of Appeal Documents (hereinafter "Appellant Designation") ex. gg at 14. Galloway met with B.O.C. again nine days later on February 4, 2010, and signed a retainer agreement for a Chapter 7 Bankruptcy filing. Appellant Br. at 2. During that meeting, Galloway expressed a desire to retain his residence; in order to do so, however, Galloway had to file for Chapter 13 Bankruptcy. Accordingly, B.O.C. provided Galloway with a written estimate of his Chapter 13 fees, and arranged for Galloway to obtain a comparative market analysis of his residence. *Id*. Galloway signed a second retainer agreement with B.O.C., this time for a Chapter 13 Bankruptcy filing, on March 4, 2010, and filed for Chapter 13 Bankruptcy on March 22, 2010. The Bankruptcy Court confirmed the Chapter 13 plan on August 25, 2010.

Subsequently, B.O.C. filed an application for pre-confirmation fees and costs, requesting $6,972.38 in fees and $175.22 in costs, less the $400 already paid in retainer. The Trustee objected to the application, asserting that it should be denied because B.O.C.

failed to execute a signed written fee agreement with Galloway within five business days of the initial consultation pursuant to 11 U.S.C. § 528(a)(1).  Moreover, the Trustee asserted that B.O.C. should not receive compensation for the following activities: 1) review of unsecured proof of claims filed in Galloway's case; 2) work completed in prosecution of Galloway's adversary proceedings because the work was excessive or clerical in nature; 3) completion of a stipulation and order to excuse a third-party wage order; 4) appearance at the confirmation hearing; and 5) preparation of a Motion for Entry of Default Judgment related to adversary proceedings to "strip" Galloway's second mortgage.  *Id.* at 3-4.

After a hearing, the Bankruptcy Court denied B.O.C.'s fee application, based on a finding that the written fee agreement between B.O.C. and Galloway was not signed within five business days from the date on which B.O.C. first provided Galloway with "bankruptcy assistance services" pursuant to 11 U.S.C. § 528(a)(1).[1]  Jan. 19, 2011 Hr. Tr. (docket no. 9, ex. 3).  The Bankruptcy Court held that the failure to comply with the five-day requirement rendered the contract void under 11 U.S.C. § 526(c)(1), which mandates that "any contract for bankruptcy assistance that does not comply with the material

---

[1] § 528(a)(1) provides:

(a) A debt relief agency shall--
  (1) not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person, but prior to such assisted person's petition under this title being filed, execute a written contract with such assisted person that explains clearly and conspicuously--
    (A) the services such agency will provide to such assisted person; and
    (B) the fees or charges for such services, and the terms of payment;
  (2) provide the assisted person with a copy of the fully executed and completed contract . . . .

3

requirements of [11 U.S.C. §§ 526, 527, 528]" is void and cannot be enforced by anyone, except the "assisted person." *Id.*; 11 U.S.C. § 526(c)(1). Moreover, the Bankruptcy Court rejected B.O.C.'s contention that the fee application should be granted because Galloway, as the "assisted person," could enforce the contract.[2] The Bankruptcy Court found that the provision allowing "assisted persons" to enforce a contract otherwise void under § 526(c)(1) only allows the Debtor to enforce a debt relief agency's obligation to perform services for the Debtor without compensation, and does not allow the Debtor to enforce the agreement in order to provide the debt relief agency with fees and costs. Jan. 19, 2011 Hr. Tr.

Subsequently B.O.C. filed this appeal, asserting that the Bankruptcy Court erred in finding that the five-day requirement under § 528(a)(1) is a "material requirement" of § 526(c)(1), and, accordingly, also erred in finding that failure to comply with the five-day rule rendered its fee agreement void.

## LEGAL STANDARD

District courts have appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court, including orders conclusively granting or denying attorney's fees. 28 U.S.C. § 158(a)(1). A bankruptcy court's conclusions of law are reviewed de novo, while findings of fact are reviewed under the clear-error standard. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 935-36 (6th Cir. 2010).

## ANALYSIS

The primary issue before the Court is a legal one: whether the Bankruptcy Court erred

---

[2] In support, B.O.C. submitted an affidavit to the Bankruptcy Court from Galloway, stating that he had "reviewed the Application for Pre-Confirmation Fees prepared by Counsel and in full knowledge, information and belief, state my approval of the fees requested therein." Appellant Designation, ex. hh.

4

when it held that the requirement in § 528(a)(1) that a written agreement between a debt relief agency[3] and a debtor must be signed within "5 business days after the first date on which [the] agency provides any bankruptcy assistance services to an assisted person," is a "material requirement" pursuant to § 526(c)(1), such that B.O.C.'s failure to comply with the requirement rendered the fee agreement void.

As a preliminary matter, the Court addresses B.O.C.'s contention that the Bankruptcy Court erred in holding that B.O.C. provided Galloway with "bankruptcy assistance services" at the time of the initial office consultation on January 26, 2011. 11 U.S.C. § 101(4A) defines bankruptcy assistance as:

> [A]ny goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditor's meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.

11 U.S.C. § 101(4A). B.O.C. argues that during the initial consultation it merely provided Galloway with information regarding available bankruptcy options, and that it rendered assistance services only after Galloway had officially retained B.O.C. on February 4, 2010. Another judge in this District rejected an identical argument advanced by B.O.C. in a case with similar facts. *See B.O.C. Law Group, P.C. v. Carroll (In re Humphries)*, No. 10-14928, 2011 U.S. Dist. LEXIS 42849, at *14 (E.D. Mich. April 19, 2011) ("B.O.C. maintains that the initial conference amounted to no more than an explanation of the process, costs, and fees

---

[3]There is no dispute that B.O.C. is a "debt relief agency." *See* 11 U.S.C. § 101(12A); *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1333 (2010) ("[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies within the meaning of the [Bankruptcy Abuse Prevention and Consumer Protection Act.]").

5

so that Ms. Humphries could decide whether to hire the law firm. Actual services were not furnished, says B.O.C., [until after Humphries hired B.O.C.]"). The court recognized that the argument had some merit because not every encounter between a law firm and a prospective client amounts to "providing legal services, and clients certainly may shop around before making a hiring decision." *Id.* Nonetheless, the Court held that B.O.C.'s argument broke down when the Court considered that the billing entry, which is identical to the billing entry in this case, demonstrated that B.O.C. had charged for work done during the initial consultation, including preparation of bankruptcy schedules. *Id.* The Court held that "[t]o suggest that no bankruptcy services were provided, and then seeking compensation for those same services, is an untenable argument." *Id.* The Court finds this reasoning persuasive and applies it here. Accordingly, the Bankruptcy Court did not err in holding that B.O.C. provided "bankruptcy assistance services" to Galloway during the initial consultation. Moreover, because the agreement was not signed within five business days after the initial consultation, the Bankruptcy Court was correct in holding that the agreement did not comply with § 528(a)(1).

The Court next turns to the issue of whether the Bankruptcy Court erred in holding that the five-day requirement in § 528(a)(1) is a material requirement under § 526(c)(1), such that B.O.C.'s failure to comply with it rendered the written fee agreement void. B.O.C. contends that the determination was erroneous because the five-day requirement is not material pursuant to § 526(c)(1).

The Bankruptcy Court based its holding in this case on a prior decision by the same bankruptcy judge in *In re Humphries*, No. 10-41229 (Bankr. E.D. Mich. April 14, 2011), in which the judge held that the five-day requirement under § 528(a)(1) is material. Two

courts have addressed the Bankruptcy Court's decision in *In re Humphries* – the district court on appeal in that case and a different bankruptcy judge in *In re Kinsman*, No. 1057364 (Bankr. E.D. Mich. Dec. 14, 2010). In *Kinsman*, the bankruptcy court rejected the ruling in *Humphries*. The court found that the *Humphries* holding – that "because the requirement of the five days is in the statutory provision of 528(a)(1), the requirement is material" – was problematic because "[i]f all the requirements in 526 through 528 are material, then there's no purpose to the word 'material' in 526(c)(1)." *In re Kinsman*, Appellant Designation, ex. xx at 45. Rather, the *Kinsman* court considered the congressional intent of the statute – preventing abusive practices and misconduct by attorneys – in conjunction with the various requirements in Sections 526, 527, and 528, and held that the most important requirements are having a contract which clearly identifies the fees and terms of payment and the services to be rendered. *Id.* at 50. Thus, the *Kinsman* court found that the five-day temporal requirement was not material, and, accordingly, that non-compliance therewith did not render a written fee agreement void pursuant to § 526.[4] *Id.* at 50-51.

Subsequently, this Court considered the bankruptcy court's ruling in *In re Humphries* on appeal. *See In re Humphries*, 2011 U.S. Dist 42849. The district court rejected the bankruptcy court's holdings in both *Humphries* and *Kinsman*, after finding that the approach taken in these cases was problematic because it focused on the materiality of the five-day

---

[4]The Trustee argues that the *Kinsman* decision was limited to its facts, and that the court ruled as it did in that case because the fee agreement was signed only one day late. Appellee Br. 6. The Court disagrees with this interpretation. While the bankruptcy court noted that the fee provision was signed only one day late, the crux of the holding was that the five-day rule was not a material requirement in light of the legislative intent of the statute and the other requirements which were more vital for serving that purpose.

7

requirement, and "ignored the precise language set out in section 526(c)(1) and the context in which the provision appears in the scheme of regulating debt services agencies." *Id.* at *17. It explained:

> 'Congress enacted the [Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA")] . . . as a comprehensive reform measure to curb abuses and improve fairness in the federal bankruptcy system.' *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 85 (2d Cir. 2010) (citing *Milavetz*, 130 S. Ct. at 1329-30, and H.R. Rep. No. 109-31, reprinted in 2005 U.S.C.C.A.N. 88, 89). Sections 526, 527, and 528 are the three sections added by BAPCPA aimed at curbing 'abusive practices undertaken by attorneys as well as other bankruptcy professionals.' *Milavetz*, 130 S. Ct. at 1332 n.3. As noted above, these three sections set out the required and prohibited practices for debt relief agencies, together with the mandatory and forbidden contents of the documents — contracts and notices — that they use. Section 526(c) prescribes the sanctions and remedies that may be imposed if a debt relief agency runs afoul of any of these requirements. Subsection 526(c)(1) deals with "contract[s] for bankruptcy assistance," and says that if such a contract does not measure up, it is void and cannot be enforced against the debtor. Subsection 526(c)(2) deals with the conduct of debt relief agencies (including law firms) themselves, and it sets forth a list of remedies that may be directed against them if they 'intentionally or negligently fail[] to comply with any provision of' these three sections, 'provide[] bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document,' or 'intentionally or negligently disregard[] the material requirements of this title or the Federal Rules of Bankruptcy Procedure.' 11 U.S.C. § 526(c)(2)(A)-(C). These two sanctions provisions are separate and distinct, but the bankruptcy court's treatment of the five-business-days provision in section 528(a)(1) conflates the two subsections.

*Id.* at *17-18. The court reasoned that the five-day requirement pertains to the *conduct* of the debt relief agency, and not to the "*contents* of the agreement for services." *Id.* (emphasis added). Thus, the court held that the remedy for violation of the five-day rule is not avoidance of the contract pursuant to § 526(c)(1), but rather is set forth in §

526(c)(2).[5]  *Id.* at *19.  According to the reasoning of the district court in *Humphries*, the authority to avoid contracts pursuant to § 526(c)(1) "is triggered only when the 'contract . . . does not comply with the material requirements' of the statutes."  *Id.* (quoting 11 U.S.C. § 526(c)(1)).  "By applying a contract-violation remedy to an agency violation, the bankruptcy court rendered meaningless the distinction Congress made between faulty documents and nonconforming conduct in BAPCPA's remedial statute."  *Id.* at *19-20.  The Court finds the reasoning above persuasive and will follow it.

The Trustee, however, argues that the district court's distinction in *Humphries* between the contents of a contract and the conduct of the debt relief agency is unsupported by the plain language of the statute.  The Trustee asserts that a contract can be voided based on a debt relief agency's conduct, and cites language in § 526(a) stating that a "debt relief agency shall not" and § 528(a) asserting that a "debt relief agency shall," in support.

---

[5] § 526(c)(2) states:

2) Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs if such agency is found, after notice and a hearing, to have--
   (A) intentionally or negligently failed to comply with any provision of this section, section 527 [11 USCS § 527], or section 528 [11 USCS § 528] with respect to a case or proceeding under this title for such assisted person;
   (B) provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in section 521 [11 USCS § 521]; or
   (C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

Appellee Br. at 8.

The Trustee's argument does not convince the Court that its reading of the statute is erroneous. The starting point for the Court's interpretation of the statute is the language of the statute itself. *See United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001) ("[T]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of the statute is clear." (internal citation and quotation marks omitted)). Although the Trustee correctly notes that § 526(a) and § 528(a) pertain to actions which debt relief agencies are authorized to engage in, § 526(c)(1) relates only to avoidance of a contract when the *contract* itself fails to comply with the material requirements of Sections 526 through 528. *In re Humphries*, 2010 U.S. Dist. LEXIS 42849, at *18. The five-day requirement, however, is not a material requirement of the contract because, as this Court stated in *Humphries*, "[t]he requirements of the contract are described in the provisions of section 526, 527, and 528 that prescribe the mandatory and prohibited terms of the agreement for services. The five-business-day language does not set out what must be in the agreement; it states *when* the agency must execute the agreement . . . ." *Id.* § 526(c)(2), by contrast, pertains to the remedies for violation of the statute as a result of the debt relief agency's intentional or negligent *conduct*. 11 U.S.C. § 526(c)(2); *In re Humphries*, 2011 U.S. Dist. LEXIS 42849, at *17-18. Accordingly, the Court agrees with the district court in *Humphries* that the Bankruptcy Court here conflated § 526(c)(1) and § 526(c)(2) when it voided the written fee agreement for failure to comply with the five-day requirement.[6]

---

[6]Because the Court finds that the Bankruptcy Court erred on this ground, the Court need not consider B.O.C.'s other arguments, including the argument that the Bankruptcy

The Court, therefore, remands the case for reconsideration consistent with this opinion. "B.O.C. is entitled to 'reasonable compensation . . . for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth' in the Bankruptcy Code." *In re Humphries*, 2011 U.S. Dist. LEXIS 42849, at *21 (quoting 11 U.S.C. § 330(a)(4)(B)). In determining reasonable compensation, the Bankruptcy Court should consider the Trustee's other arguments, including the Trustee's assertion that B.O.C. is not entitled to compensation for 1) review of unsecured proof of claims filed in Galloway's case; 2) work completed in prosecution of Galloway's adversary proceedings because the work was excessive or clerical in nature; 3) completion of a stipulation and order to excuse a third party wage order; 4) appearance at the confirmation hearing; and 5) preparation of a Motion for Entry of Default Judgment.

## ORDER

**WHERFORE** it is hereby **ORDERED** that the order of the Bankruptcy Court denying B.O.C.'s fee application is **VACATED.**

**IT IS FURTHER ORDERED** that the case is **REMANDED** for a determination of reasonable compensation to which B.O.C. is entitled consistent with this opinion.

**SO ORDERED.**

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: May 30, 2011

---

Court's interpretation of the statute is unconstitutional.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2011, by electronic and/or ordinary mail.

                                        Carol Cohron
                                        Case Manager